JEREMIAH PAGE *vs.* WILLIAM H. FINSON and others.

Penobscot.    Opinion February 24, 1883.

*R. S., c. 104, § 43.   Betterments.*

</div>

The six years "actual possession" mentioned in R. S., c. 104, § 43, which entitles a tenant to maintain an action for betterments against a person who makes an entry into the lands or tenements of such tenant and withholds them from the possession of the tenant, means the six years immediately preceding such entry.

ON REPORT.

Assumpsit for money paid, laid out and expended. The writ was dated September 12, 1881.    Plea general issue.

The opinion states the case and material facts.

*A. Sanborn*, for the plaintiff.

It is not necessary to show that the possession of Doane was adverse.

Actual possession only, for six years, is required by the statute to sustain the claim for betterments, so called, but actual and adverse possession for twenty years is expressly required to constitute a claim to the land on which they are made.    R. S., c. 104, § 38 ; c. 105, § 10.

By the common law, buildings erected on the land of another, without claim thereto or any express permission of the owner, but with his knowledge, were held to be the personal property of the builder, though they were fixtures, and he could remove

them or recover their value of the owner of the land or any other person who converted the same to his own use.

It was the intention of the legislature to give to the builder who had actual possession of the land for six years a new remedy, namely: an action of assumpsit to recover the value of the buildings of any person who should make actual entry into the same and withhold possession thereof from him. I cannot conceive of an intention on the part of the legislature to deprive the builder of this remedy unless his possession was adverse. Its language negatives such intention. It expressly declares that actual possession is sufficient.

The defendants, in this action took actual possession of this house and the strip of land on which it stands, in November, 1876, and were removed therefrom in May, 1877, by the plaintiff with an officer. The plaintiff held actual possession thereafter till January, 1881, when the defendants again took such possession and have held it till after commencement of the action, September 12, 1881, and without doubt, hitherto.

The action is assumpsit and may be brought at any time within six years after the cause of action accrued. It is manifest that it was seasonably brought.

*Kelley* v. *Kelley*, 23 Maine, 192, was relied upon at the trial of the case. I submit that it has no application; and I will not waste time to comment upon it further than merely to add that to give such authority as to bar this action is simply to repeal the statute of limitations.

*Charles P. Stetson*, for the defendant.

WALTON, J. This is an action founded on R. S., c. 104, § 43, known as the betterment law. It is as follows :

"When any person makes entry into lands or tenements, of which the tenant in possession, or those under whom he claims, *have been in actual possession for six years or more before such entry*, and withholds their possession from such tenant, he shall have a right to recover of him so entering, or of his executor or administrator, in an action of assumpsit for money laid out and

expended, the increased value of the premises by reason of the buildings and improvements made by the tenant, or those under whom he claims, to be ascertained by the principles hereinbefore provided."

The case is before the law court on report. The court is to determine whether upon the evidence reported, and the facts admitted, the action is maintainable. If maintainable, it is to stand for trial. If not, the plaintiff is to become nonsuit.

The only objection to the maintenance of the suit is that the plaintiff had not been in the actual possession of the premises for six years before the entry of the defendants which is relied upon to maintain the suit. It appears that the plaintiff acquired his title to the premises in May, 1876; that in November or December following, Mrs. Doane, claiming title adversely to the plaintiff, entered and took possession of the premises and held it till the following May or June, when the plaintiff again entered and regained his possession; that in January, 1881, the defendants entered and took possession of the premises; and it is this entry of January, 1881, on which the plaintiff relies (so stated in the report) to maintain his suit. The fact that Mrs. Doane entered in November or December, 1876, claiming title adversely to the plaintiff, and occupied up to May or June following, before the plaintiff re-entered and regained the possession, is admitted. It is so stated in the report.

We must therefore regard it as an admitted fact that the plaintiff had not been in the actual possession of the premises, continuously, for six years immediately preceding the entry on which he relies for the maintenance of his action. How, then, can the action be maintained? We think it can not. True, the plaintiff and his grantor had been in the actual possession of the premises for more than six years when, in 1876, the plaintiff's possession was interrupted by Mrs. Doane; and if the plaintiff had yielded to that interruption, and had brought his action against Mrs. Doane, we see no reason why it could not have been maintained. But he did not yield to that possession. He re-entered; and apparently by force and against the will of Mrs. Doane, who claimed to own the premises.

And his action is not against Mrs. Doane, but against two other persons (husband and wife) who, so far as we can discover from the evidence reported, are in possession under Mrs. Doane, or a title derived from her. And the plaintiff does not rely upon Mrs. Doane's entry in 1876 to maintain his suit; but upon the entry of the defendants in 1881. It is so stated in the report. Now, it being an admitted fact that the plaintiff had not been in the actual possession of the premises for six years, continuously and immediately before the entry of the defendants on which he relies for the maintenance of his suit, the only question is whether such a possession by him and his grantor for six successive years or more before the interruption in 1876 took place, is sufficient to support the action. Clearly not. And for two reasons. First, his action is not against Mrs. Doane. If the plaintiff relies upon the entry of Mrs. Doane in 1876 to support an action, it must be an action against her. Her entry can not be relied upon to support an action against other parties. It is true that these defendants appear to have been upon the premises with her in 1876-7; but it does not appear that the entry was by them, or that they claimed any right, title, or interest in the premises at that time. On the contrary, it is admitted that the entry was by Mrs. Doane, and that she was the one who held the premises adversely to the plaintiff till the May or June following. And, secondly, we think the six years "actual possession," mentioned in the statute, means the six years immediately preceding the entry on which the plaintiff relies to support his action. "Not the language only," said the court, in *Kelley* v. *Kelley*, 23 Maine, 192, "but the spirit of the statute, required that such actual possession for the term of six years or more before the commencement of such action, should be immediately preceding, and not at some remote period." That was said of a claim for betterments made in an action brought by the owner to recover possession of his land. But the possession of the tenant which will sustain a claim for betterments in such an action, is the same as that which will sustain an action for betterments brought by the tenant when he is dispossessed without a judgment of the

court. If an action is brought against the tenant to dispossess him, he can enforce his claim to betterments by way of defense. If he is dispossessed by an entry without suit, then he may himself bring an action to enforce his claim. But, in either case, the character of the possession, which will support his claim to betterments, is the same, and must have continued for the same length of time. The only difference is that, in the one case it is computed from the commencement of the action, and in the other from the entry. In either case, the six years actual possession must immediately precede the event which secures to the tenant a valid claim for betterments. Consequently, upon the evidence reported, and the facts admitted, we think this action is not maintainable.

*Plaintiff nonsuit.*

APPLETON, C. J., DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

PETERS, J., did not sit.